IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:04CR3084 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| DAVID S. DETWEILER, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection and motion for downward departure.

IT IS ORDERED that:

(1)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The defendant's objection (filing 47) to the presentence report based upon the fact that the defendant was not given two points for acceptance of

1

responsibility is denied.  As explained in detail by the probation officer (PSR Addendum at 22), this is not the unusual case where the defendant may insist upon a trial and still receive a point reduction for acceptance of responsibility.  Among other things, the defendant vigorously contested his factual guilt.  (See, for example, Jury Instruction No. 16 setting forth the defendant's theory of the case.)

(3)     The defendant's motion (filing 47) for a departure due to overstatement of criminal history pursuant to U.S.S.G. § 4A1.3 is denied (although I recognize my power to depart).[1]   Given the number of convictions not considered under the Guidelines (PSR ¶¶ 64-65) and the fact that the defendant's convictions (countable and otherwise) evidence a persistent unwillingness to constructively deal with his abuse of drugs and alcohol (PSR ¶¶ 52, 54, 56, 57, 58, 59, 60. 61, 62 and 63) I cannot honestly state the defendant's history overstates either the seriousness of what he had done in the past or his likelihood of future criminal behavior.

(4)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

---

[1]The defendant does not challenge the factual accuracy of the criminal history recited in the PSR.

(6)     Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

January 24, 2006.                              BY THE COURT:

                                               s/ *Richard G. Kopf*
                                               United States District Judge