IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3084 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAVID S. DETWEILER, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, who was sentenced on January 31, 2006, to 188 months' imprisonment for his involvement in a methamphetamine conspiracy, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The motion is now before the undersigned district judge for initial review in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> (a) The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.[1]
>
> (b) The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] I conducted the trial and sentenced the defendant.

The defendant alleges that his court-appointed attorney failed to locate and interview 3 witnesses whom the defendant maintained would rebut the testimony of prosecution witnesses regarding drug quantities. Affidavits from two of the proposed witnesses are attached to the motion, along with the defendant's own affidavit.

Because it does not plainly appear at this preliminary stage that the defendant's § 2255 motion must be dismissed, I will order the government to file an answer. The defendant may file a reply to the government's answer within 20 days after service.

When answering, the government may also separately file a motion for summary judgment. Any such motion shall be supported by a brief filed in accordance with NECivR 56.1(a), and may be responded to by the defendant within the time and in the manner prescribed by NECivR 56.1(b).

Accordingly,

IT IS ORDERED that:

1. The government shall file an answer to the defendant's § 2255 motion on or before August 27, 2007.

2. The defendant may file a reply to the government's answer within twenty (20) days after its service.

3. The government may also file a motion for summary judgment on or before August 27, 2007, and, in such event, the defendant shall have twenty (20) days to file a response.

July 27, 2007.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge